UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANKIKA JOVICIC** | **CIVIL ACTION NO.** |
| **VERSUS** | **24-101-BAJ-EWD** |
| **MARTIN J. O'MALLEY,**<br>**COMMISSIONER OF SOCIAL SECURITY** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 28, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANKIKA JOVICIC                                          CIVIL ACTION NO.

VERSUS                                                  24-101-BAJ-EWD

MARTIN J. O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Ankika Jovicic ("Plaintiff") seeks judicial review of a final adverse decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her application for disability insurance benefits ("DIB").[1] Because substantial evidence supports the step four determination that Plaintiff could engage in past relevant work as generally performed, the Commissioner's decision should be affirmed.

I.    **BACKGROUND**

In November 2020, at the age of 60, Plaintiff filed a Title II application for DIB, alleging disability beginning March 10, 2020 due to osteoarthritis of knees/knee pain; hypothyroid/thyroid removal surgery; osteopenia; left upper quadrant pain; chronic GERD, acid reflux & dyspepsia; trouble sleeping; high blood pressure; polyneuropathy and paresthesia; shoulder pain; and high cholesterol.[2] Plaintiff's claim was initially denied on September 21, 2021,[3] and her request for reconsideration was denied on August 22, 2022.[4] Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").[5] On June 6, 2023, a hearing was conducted before the ALJ.[6]

---

[1] R. Doc. 8-6, pp. 5-6 (application for DIB); and R. Doc. 8-3, pp. 12-25 (Notice of Appeals Council Action). References to documents filed in this case are designated by "(R. Doc. [docket entry number(s)] p. [page number(s)]," based on where the document appears in the Court's electronic record.
[2] R. Doc. 8-6, p. 5; R. Doc. 8-7, p. 5.
[3] R. Doc. 8-4, pp. 4-17 (Disability Determination Explanation); R. Doc. 8-5, pp. 2-5 (notice of disapproved claim).
[4] R. Doc. 8-5, p. 21 (request for reconsideration); R. Doc. 8-5, pp. 25-28 (denial on reconsideration).
[5] R. Doc. 8-5, pp. 30-31.
[6] R. Doc. 8-3, pp. 32-70.

Plaintiff, who was represented by counsel, testified at the hearing along with Vocational Expert ("VE"), Thomas Mungall.

During the hearing, Plaintiff testified that she was 62-years old and had completed the 12th grade in her native country of Bosnia-Herzegovina.[7] She worked as waitress at Piccadilly's for 18 years before the alleged onset date of disability.[8] Plaintiff testified that she did not believe she could return to her work at Piccadilly's because swelling in her knees, shoulder, and neck makes it difficult for her to stand.[9] She attempted physical therapy but it did not provide much relief.[10] After she was diagnosed with D-cell lymphoma, she underwent chemotherapy. Since the completion of her chemotherapy, Plaintiff testified that she occasionally passes out when she goes outside and suffers from neuropathy.[11]

The ALJ then asked the VE to classify Plaintiff's past work at Piccadilly's. The VE testified that the work Plaintiff did at Piccadilly's would be classified as a cafeteria attendant (*Dictionary of Occupational Titles* ["DOT"] 311.677-010), working at a medium exertional level.[12] The ALJ posed a hypothetical question to the VE, asking whether an individual with Plaintiff's residual functional capacity ("RFC") could perform the duties of a cafeteria attendant.[13] The VE opined that such a person could not work as a cafeteria attendant as those job duties were actually performed by Plaintiff at Piccadilly's, but could perform the duties as generally

---

[7] R. Doc. 8-3, p. 40; R. Doc. 8-7, p. 6.
[8] R. Doc. 8-3, p. 43.
[9] R. Doc. 8-3, p. 45.
[10] R. Doc. 8-3, p. 46.
[11] R. Doc. 8-3, pp. 45, 49.
[12] R. Doc. 8-3, pp. 53, 61.
[13] The ALJ's asked the VE to assume a hypothetical individual the same age, education and work experience such that the hypothetical person can lift 20 pounds occasionally, 10 pounds frequently, stand, walk a total of 6 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, the individual can frequently crouch, occasionally kneel and crawl, never climb ladders, ropes, scaffolds, the individual can frequently handle and finger and occasionally reach overhead, and asked whether that hypothetical individual could perform the duties of a cafeteria attendant. The ALJ imposed the functional limitations from the hypothetical in Plaintiff's RFC. S*ee*, R. Doc. 8-3, p. 19.

3

performed.[14] When asked by the ALJ whether the job at Piccadilly's was a composite of two jobs, the vocational expert first answered that it was not.[15] However, after questioning from Plaintiff's counsel, the VE told Plaintiff's counsel to "[g]et [Plaintiff] to testify as to how many tables she had to move and I think being able to say that would be a composite job with commercial institutional cleaner."[16] After Plaintiff testified about the tables she had to move, the VE testified that Plaintiff's job at Piccadilly's was a composite of the cafeteria attendant and commercial or institutional cleaner jobs listed in the Dictionary of Occupational Titles ("DOT").[17]

At the conclusion of the hearing, the ALJ stated that he was not convinced Plaintiff's past work at Piccadilly's was a composite job. The ALJ requested that Plaintiff's counsel obtain the job description from Piccadilly's for the server/waitress position and stated that he would like to hear from another vocational expert before deciding whether Plaintiff's job was composite.[18] On or about July 7, 2023, Plaintiff's counsel provided the ALJ with a copy of a Piccadilly's document describing a server position, which listed the following duties:

> This position has the responsibilities of taking orders from and serves food and beverages to guests; checking on guest satisfaction and handling the payment and complaints/concerns of customers. He/She must have the knowledge of service techniques, food and beverage product and practices of responsible alcohol service.[19]

The document did not mention moving tables or cleaning. The ALJ rendered his decision on October 4, 2023, without taking any additional testimony.

The ALJ concluded that Plaintiff was not disabled and, therefore, not entitled to disability

---

[14] R. Doc. 8-3, p. 54.
[15] R. Doc. 8-3, p. 62 ("Judge, I honestly think that this is a straight cafeteria attendant position … With added duties, added duties, okay? You know, it just barely I think reached a medium level of work -- … the way she did it, okay, but I do not think that, that it really is a composite job. I did consider that.").
[16] R. Doc. 8-3, pp. 63-64.
[17] R. Doc. 8-3, pp. 65, 68. The DOT contains information about occupations in the national economy.
[18] R. Doc. 8-3, p. 69.  The ALJ overruled Plaintiff's objection to additional vocational expert testimony on whether Plaintiff's past relevant work was a composite job. *Id.*
[19] R. Doc. 8-7, p. 128.

4

benefits.[20] Relevant to this appeal, the ALJ found Plaintiff could perform light work with postural and environmental limitations.[21] The ALJ found that the cafeteria attendant job title (*DOT* 311.677-010) best fit Plaintiff's duties as a server at Piccadilly's.[22] However, the ALJ found that Plaintiff actually performed her past relevant work at the medium exertional level rather than the light exertional level listed in the DOT for this job title.[23]

The ALJ's decision acknowledged Plaintiff's testimony and work history indicating that her duties as a server at Piccadilly's included cleaning the restrooms and moving tables for customers. The decision also acknowledged the VE's testimony expressing his revised opinion that the Plaintiff's past relevant work as a server at Piccadilly's was a composite job because it included the duties of a commercial and/or institutional cleaner position. The ALJ nevertheless determined that Plaintiff's job was not composite because the Piccadilly's job description did not list the duties of restroom maintenance or moving furniture. In support of his determination, the ALJ also pointed to the VE's testimony that Plaintiff performed her work at Piccadilly's at the medium exertional level, thereby encompassing the additional duties.

On December 14, 2023, the Appeals Council denied a request to review the ALJ's decision, making the ALJ's unfavorable decision the Commissioner's final decision.[24] Plaintiff timely filed this case on February 12, 2024, seeking review of the Commissioner's decision under 42 U.S.C. §

---

[20] R. Doc. 8-3, pp. 12-31 (Notice of Unfavorable Decision and Decision).
[21] R. Doc. 8-3, pp. 19-23.
[22] R. Doc. 8-3, pp. 23-24.
[23] R. Doc. 8-3, pp. 23-24.
[24] R. Doc. 8-3, pp. 2-7. *See* 20 C.F.R. § 404.981 ("The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").

405(g).[25]

## II. LAW AND ANALYSIS

### A. Standard of Review

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party.[26] Review of the disability determination is limited to ascertaining whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports the decision.[27] If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed.[28] If the Commissioner fails to apply the correct legal standards or fails to provide the reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal.

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[29] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.[30] Conflicts in the evidence are for the ALJ to resolve, not the courts.[31] In applying the substantial evidence standard, the court must review the entire record as whole, but may not

---

[25] R. Doc. 1. According to the Appeals Council's denial letter, a claimant is presumed to receive the letter 5 days after its date. R. Doc. 8-3, p. 3. Plaintiff then had 60 days, or until February 17, 2024 to file in federal court. Since February 17, 2024 fell on a Saturday, Plaintiff had until February 19, 2024 to file suit.
[26] 42 U.S.C. § 405(g).
[27] *Williams v. Astrue*, 355 Fed.Appx. 828, 830 (5th Cir. 2009), citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).
[28] 42 U.S.C. § 405(g); *Qualls v. Astrue*, 339 Fed.Appx. 461, 463 (5th Cir. 2009), citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).
[29] *Qualls*, 339 Fed.Appx. at 463, citing *Consolidated Edison Co. of New York v. NLRB, No. 19*, 305 U.S. 197, 217 (1938).
[30] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001), quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).
[31] *Qualls*, 339 Fed.Appx. at 464, citing *Selders*, 914 F.2d at 617.

reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.[32]

### B. Assignment of Error

On appeal, Plaintiff challenges the ALJ's step-four determination that she can return to her past relevant work as generally performed in the national economy.[33] Specifically, Plaintiff argues the ALJ erred by failing to find that her prior job as a server at Piccadilly's was a composite job.[34]

### C. The ALJ's Factual Finding that Plaintiff's Prior Job Was Not a Composite Job Was Supported by Substantial Evidence in the Record

At step four, the ALJ will assess and make a finding about the claimant's RFC to determine whether the claimant can still do her "past relevant work."[35] Plaintiff bears the burden to show that she cannot perform her past relevant work.[36] If she can perform her past relevant work, either as she actually performed it or as the position is generally performed in the national economy, then she is not "disabled" within the meaning of the Act.[37] The DOT descriptions can be relied on to define the job as it is usually performed in the national economy.[38]

---

[32] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000), citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).
[33] Disability determinations are made using a five-step sequential evaluation process. 20 CFR § 404.1520(a). Only the ALJ's step-four determination is at issue in this appeal.
[34] R. Doc. 10, p. 2. The classification of Plaintiff's past work as composite would have prevented a finding that she could return to this kind of work as generally performed in the national economy.
[35] *See* 20 C.F.R. § 404.1520(e).
[36] *Greenspan*, 38 F.3d at 239 ("[The plaintiff], moreover, bore the burden of showing that she could not do her past relevant work.").
[37] Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *2 ("A claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform: (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy."). SSR 82-61 was rescinded and replaced with SSR 24-2p effective June 22, 2024, but is used in this Report since it is the regulation that applied at the time Plaintiff filed her claim and at the time the claim was decided.
[38] SSR 82-61, 1982 WL 31387, at *2; *see also*, *Orphey v. Massanari*, 268 F.3d 1063 (5th Cir. 2001) ("To determine whether [the plaintiff] could perform her past relevant work … ALJs may take notice of job data in the Dictionary of Occupational Titles ….") (citations omitted).

7

Composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT.[39] Past relevant work may constitute a composite job "if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant."[40] If a claimant's past job is a composite job, then the ALJ may not "evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'"[41]

Within the Fifth Circuit, a claimant's inability to perform certain requirements of his past job does not mean that s/he is necessarily unable to perform past relevant work as that phrase is defined in the regulations.[42] A claimant need not be able to perform all the requirements of her past job to perform her past relevant work as it is generally performed in the national economy, which is an acceptable evaluation unless the past relevant work is a composite job.

Plaintiff contends that her prior position at Piccadilly's was a composite job because it included "significant and primary tasks" beyond those indicated in the DOT's description of a cafeteria attendant.[43] Plaintiff also points to the VE's testimony that her prior employment was a composite job. Plaintiff suggests that the ALJ's reliance on the Piccadilly's job description "to the exclusion of" Plaintiff's testimony, work history, and the testimony of the vocational expert, demonstrates "clear error."[44]

---

[39] SSR 82-61, 1982 WL 31387, at *2; *Taylor v. O'Malley*, No. 23-960, 2024 WL 3220731, at *6 (W.D. Tex. June 27, 2024), citing *Armstrong v. Sullivan*, 814 F.Supp. 1364, 1372 (W.D. Tex. 1993); *see also*, Social Security Administration, Program Operations Manual System ("POMS") DI 25005.20(B) available at http://policy.ssa.gov/poms.nsf/lnx/0425005020. The POMS is used internally by employees of the SSA in evaluating Social Security claims and, while it does not have the force and effect of law, it does "have some value, effect, and persuasive force. 1 Soc. Sec. Law & Prac. § 1:27; *Bettery v. Comm'r of Soc. Sec.*, No. 14-3321, 2015 WL 4742296, at *8 n.9 (W.D. La. Aug. 10, 2015) ("POMS are not binding on the Commissioner, but they may be viewed as binding on an ALJ in a case that falls squarely within one of the provisions. The courts generally defer to POMS provisions unless a court determines that they are arbitrary, capricious, or contrary to law.") (internal citations omitted). *See also, Craig v. Berryhill*, No. 17-1715, 2019 WL 1387696, at *6 (M.D. La. Mar. 27, 2019) (same).
[40] POMS, DI 25005.020(B), *supra*.
[41] *Id*.
[42] *Taylor*, 2024 WL 3220731, at 7, citing *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995).
[43] R. Doc. 10, pp. 3-4.
[44] R. Doc. 10, p. 9.

Plaintiff's argument fails to acknowledge the extent of this Court's review, which is limited to ascertaining (1) whether the proper legal standards were applied, and (2) whether substantial evidence in the record supports the decision.[45] An ALJ's factual findings—such as the determination that Plaintiff's past relevant work was not a composite job—"shall be conclusive" if supported by "substantial evidence."[46] A finding of no substantial evidence is appropriate **only** if no credible evidentiary choices or medical findings support the decision.[47]

The DOT 311.677-0101 describes the duties of a cafeteria attendant as follows:

> Carries trays from food counters to tables for cafeteria patrons. Carries dirty dishes to kitchen. Wipes tables and seats with dampened cloth. Sets tables with clean linens, sugar bowls, and condiments. May wrap clean silver in napkins. May circulate among diners and serve coffee and be designated Coffee Server, Cafeteria Or Restaurant.

The DOT lists a cafeteria attendant position as having a light exertional level.

The DOT 381.687-014 describes the duties of a commercial or institutional cleaner as follows:

> Keeps premises of office building, apartment house, or other commercial or institutional building in clean and orderly condition: Cleans and polishes lighting fixtures, marble surfaces, and trim, and performs duties described in CLEANER (any industry) I Master Title. May cut and trim grass, and shovel snow, using power equipment or handtools. May deliver messages. May transport small equipment or tools between departments. May setup tables and chairs in auditorium or hall. May be designated according to duties performed as Hall Cleaner (hotel & rest.); Light-Fixture Cleaner (any industry); Marble Cleaner (any industry); Metal Polisher (any industry); Paint Cleaner (any industry); or according to equipment used as Scrubbing-Machine Operator (any industry).

The DOT lists the commercial or institutional cleaner position as having a heavy exertional level.

---

[45] *Williams*, 355 Fed.Appx. at 830, citing *Greenspan*, 38 F.3d at 236.
[46] *See Biestek v. Berryhill*, 587 U.S. ---, 139 S.Ct. 1148, 1153 (2019). *See also*, 42 U.S.C. § 405(g); *Qualls*, 339 Fed.Appx. at 463, citing *Selders*, 914 F.2d at 617.
[47] *See Boyd*, 239 F.3d at 704 (5th Cir. 2001), quoting *Harris*, 209 F.3d at 417.

Plaintiff described the nature of her duties as a waitress at Piccadilly's in the Work History Report she completed on March 8, 2021.[48] There, she stated that she worked five hours per day, five days per week. Plaintiff described her job duties as waiting tables; cleaning tables; carrying dishes to the dish area; bringing customers items requested by them; sweeping floors; cleaning the bathroom; rolling silverware; taking out the trash; making coffee and tea; refilling condiments; boxing up food to go; cleaning walls, booths, and light fixtures; vacuuming the floor; cleaning the doors; and pulling and pushing tables that weighed about 40 pounds to arrange them for big parties.[49]

The job description Plaintiff's counsel obtained from Piccadilly's after the hearing listed the following duties of a server:

> This position has the responsibilities of taking orders from and serves food and beverages to guests; checking on guest satisfaction and handling the payment and complaints/concerns of customers. He/She must have the knowledge of service techniques, food and beverage product and practices of responsible alcohol service.[50]

The job description did not mention cleaning or table-moving duties.

The ALJ rejected Plaintiff's contention that her prior employment was a composite job. In doing so, the ALJ relied on the job description Plaintiff's counsel obtained from Piccadilly's that did not list cleaning or moving tables as part of the server's job duties. Plaintiff has not cited any authority to suggest that reliance on a job description does not constitute a credible evidentiary choice when deciding whether a job is composite. In fact, an Eleventh Circuit case Plaintiff cited to this Court remanded because "no detailed description of the required duties was solicited or proffered."[51] That stands in contrast to this case, where the ALJ asked Plaintiff's counsel to obtain

---

[48] R. Doc. 8-7, pp. 18-21.
[49] R. Doc. 8-7, p. 21.
[50] R. Doc. 8-7, p. 128.
[51] R. Doc. 10, p. 8, citing *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

10

the Piccadilly's job description and then relied on the job description to find that Plaintiff's prior job as a cafeteria attendant was not a composite one with that of a commercial or institutional cleaner.

The ALJ also relied on the VE's testimony that Plaintiff performed her past relevant work at a medium exertional level as a basis to reject Plaintiff's contention that her position at Piccadilly's was a composite job with that of a commercial or institutional cleaner.[52] This was a credible evidentiary choice given that composite jobs must have *significant* elements of two or more occupations, and the commercial or institutional cleaner job at issue in this case is listed as having a heavy exertional level.[53] The ALJ's reasoned that, while Plaintiff's described additional duties of cleaning and moving tables at Piccadilly's raised her work as actually performed to the medium exertional level (as opposed to the light exertional level as generally performed in the DOT), the duties were not significant enough to rise to the level of a composite job.[54] Also, SSR 82-61 recognizes that a claimant's inability to perform the "excessive functional demands and/or job duties" actually required by the former job does not render a claimant disabled under the Act if the claimant can still perform the functional demands and job duties as generally required by employers throughout the economy.[55] Even if Plaintiff's former job required her to clean or move tables on occasion, the VE's testimony that Plaintiff performed her duties at a medium exertional level supports the ALJ's factual determination that Plaintiff's former job did not have significant enough elements of the commercial or institutional cleaner job, as listed in the DOT, to rise to the level of a composite job.

---

[52] R. Doc. 8-3, p. 24.  *See also*, R. Doc. 8-3, pp. 62, 67.
[53] SSR 82-61, 1982 WL 31387, at *2.
[54] R. Doc. 8-3, p. 24.
[55] SSR 82-61, at *2.

The case Plaintiff primarily relies on to support her argument is inapposite. Plaintiff cites *Charles v. Saul* as an example of a case that was remanded for further consideration of whether the claimant's past relevant job was composite.[56] However, the *Charles* court remanded the case because the ALJ failed to address the testimony of the first vocational expert, who testified that the claimant's job was composite, and failed to explain why the conflicting opinion of a second vocational expert was adopted instead. *Charles* found that the ALJ's failure to address the evidence contrary to her conclusion made it impossible to know whether the evidence in question was overlooked or properly considered and rejected.[57]

Unlike in *Charles*, the ALJ here acknowledged the VE's contrary testimony that the Plaintiff's job was composite. But he found "[b]ased on the evidence gathered after a reasonable effort, the claimant and her representative's contention of a composite job is not supported," relying on the job description and the fact that the VE testified Plaintiff's additional cleaning duties rendered her past job performed at a medium, rather than light, exertional level. The ALJ concluded that "the cafeteria attendant job title best fits her duties and would not be a composite job with the addition of the commercial and/or institutional cleaner occupation."[58] In other words, the ALJ properly considered and explained his ultimate rejection of the VE's testimony on this issue.[59] This was the ALJ's prerogative as the ALJ is permitted to weigh the testimony of the VE against the DOT and other evidence in the record and resolve any conflicts.[60] This case is also

---

[56] R. Doc. 10, pp. 7-8, citing No. 21-120, 2022 WL 3587839 (S.D. Tex. Aug. 2, 2022).
[57] *Charles*, 2022 WL 3587839, at *7.
[58] R. Doc. 8-3, p. 24.
[59] It is worth noting that the VE originally testified that Plaintiff's former employment was not a composite job. R. Doc. 8-3, p. 62.
[60] *See* SSR 00-4p (2000), which states that the ALJ must resolve any conflict between the DOT and the vocational expert evidence by determining if the explanation given by the vocational expert is reasonable. SSR 00-4p was rescinded and replaced effective January 6, 2025, but was in effect at the time Plaintiff's claim was filed and adjudicated; *see also, Falls v. Apfel*, 2000 WL 329233, at *7 (E.D. La. March 29, 2000) ("The ALJ is not bound by VE testimony which is based on evidentiary assumptions ultimately rejected by the ALJ.").

unlike cases that have found remand appropriate because the ALJ did not make a finding as to whether the claimant's past relevant work constituted a composite job.[61]

Finally, Plaintiff's suggestion that the ALJ's decision to hold the record open to obtain additional evidence violated her due process rights lacks merit. To the contrary, the regulations specifically permit the ALJ to request additional evidence if, after considering the evidence submitted, the ALJ determines that he cannot reach a conclusion about whether the claimant is disabled.[62] Because the VE vacillated as to whether Plaintiff's past work was a composite job, it was not error for the ALJ to further develop the record by requesting a copy of Piccadilly's job description.[63] The same regulation also permitted the ALJ to make his determination based on the evidence he had, even if there were inconsistencies in the evidence that the ALJ could not resolve.[64] Notwithstanding Plaintiff's protestations,[65] the ALJ was not required to take any additional actions before rendering his decision.

Plaintiff essentially seeks to have this Court reweigh the evidence to afford greater deference to the testimony of Plaintiff and the VE on the factual question of whether Plaintiff's past relevant work constituted a composite job. It is not appropriate for this Court to do so. Because the ALJ followed the proper legal standards and substantial evidence supports the decision, it should be affirmed.

### III. RECOMMENDATION

Plaintiff's claim of reversible error is without merit. The record considered as a whole supports the finding that the ALJ applied the proper legal standards, and substantial evidence

---

[61] *See Vickie H. v. Berryhill*, No. 18-351, 2019 WL 1370700, at * 5 (S.D. Ind. March 1, 2019) (collecting cases).
[62] 20 C.F.R. § 404.1520b(b)(2)(ii), (iv).
[63] R. Doc. 8-3, p. 69.
[64] 20 C.F.R. § 404.1520b(b)(2)(3).
[65] *See* R. Doc. 16, p. 5.

13

supports the determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that the final decision of the Acting Commissioner of Social Security be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g), and that this action be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on February 28, 2025.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**